GEOFFREY S. BERMAN
United States Attorney for
the Southern District of New York
By: Frank Balsamello
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2325

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | VERIFIED COMPLAINT FOR FORFEITURE |
| Plaintiff, | |
| v. | 19 Civ. |
| $44,601 IN UNITED STATES CURRENCY, | ECF case |
| Defendant-in-rem. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Geoffrey S. Berman, Acting United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1. This is a civil action in rem commenced by the United States of America seeking the forfeiture of approximately $44,601 in United States currency (the "Defendant-in-rem" or "Defendant Currency"). The Defendant Currency is subject to forfeiture pursuant to: (1) Title 18, United States Code, Section 981(a)(1)(A), as "property, real or personal, involved in a transaction or attempted transaction in violation of Section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property," and (2) Title 21, United States Code, Section 881, as

"moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [Title 21, Chapter 13, subchapter I], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [Title 21, Chapter 13, subchapter I ]."

2. The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1395 because the Defendant Currency is found in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Customs and Border Protection.

## II.   PROBABLE CAUSE FOR FORFEITURE

5. This forfeiture action arises out of an investigation into the widespread importation and online distribution of pharmaceuticals and other controlled substances, including sales on various dark web[1] marketplaces, as well as the laundering of illicit proceeds of these drug crimes, including digital-currency proceeds such as bitcoin.

6. In the course of the investigation, law enforcement agents took control of an active bitcoin-exchange business (the "Target Business") and initiated an undercover operation using that Target Business's identity to create new accounts ("UC Vendor Accounts"). The Target Business's mode of operation was to receive bitcoins from customers on a regular

---

[1] The "dark web," also sometimes called the "dark net" or "deep web," is a colloquial name for a number of extensive, sophisticated, and widely used criminal marketplaces operating on the Internet, which allow participants to buy and sell illegal items, such as drugs, firearms, and other hazardous materials with greater anonymity than is possible on the traditional Internet (sometimes called the "clear web" or simply "web").

2

schedule, and then, in exchange for a fee of approximately 13% of the bitcoins' value at the time, mail or FedEx cash to a physical mailing address provided by the customers, no questions asked.

7. Using the Target Business, agents targeted dark web drug vendors who utilized the Target Business to launder their illicit proceeds. John Boeren was one such dark web drug vendor who requested that the Target Business exchange his illicit cryptocurrency proceeds for cash.

8. Between September 9, 2017 and March 15, 2018, agents mailed approximately $45,500 to Boeren in bitcoin-for-cash exchanges that Boeren had requested.

9. On or about December 13, 2018, Boeren pled guilty to a controlled substances offense pursuant to a plea agreement in which he also agreed not to contest the forfeiture of the Defendant Currency. On or about December 18, 2018, Boeren transferred $44,601 in United States currency (the Defendant Currency) to law enforcement agents for disposition.

### III. CLAIMS FOR FORFEITURE

10. Incorporated herein are the allegations contained in paragraphs One through Nine of this Complaint.

11. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property" is subject to forfeiture to the United States.

12. Title 18, United States Code, Section 1956 provides that

> [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

> . . .
> (B) knowing that the transaction is designed in whole or in part—
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity
> [shall be punished as set forth in this Section].

18 U.S.C. § 1956(a)(1)(B)(i).

13. The Defendant Currency is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of this title, or any property traceable to such property.

14. The Defendant Currency is also subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of this subchapter [Title 21, Chapter 13, subchapter I], proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the same subchapter.

15. There is probable cause to believe that Boeren attempted to, and did, engage in financial transactions intended to convert proceeds of his unlawful sales of controlled substances on the dark web to cash in order to, *inter alia*, disguise the source of those proceeds. Further, there is probable cause to believe that the Defendant Currency represents the direct and converted proceeds of Boeren's sale of controlled substances on the dark web.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America

for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
December 9th, 2019

                                   GEOFFREY S. BERMAN
                                   United States Attorney for the
                                   Southern District of New York
                                   Attorney for the Plaintiff
                                   United States of America

By:                _____
                                   Frank Balsamello
                                   Assistant United States Attorney
                                   One St. Andrew's Plaza
                                   New York, New York 10007
                                   Tel No. (212) 637-2325

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

MATTHEW MACCHIAROLI, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI") and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with law enforcement officers and others, official records and files of HSI and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Title 18 of the United States Code.

_____
Matthew Macchiaroli
Special Agent
Homeland Security Investigations

Sworn to before me this
5th day of December, 2019

ADELE RASHID
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RA6376968
Qualified in New York County
Commission Expires June 18, 2022

NOTARY PUBLIC